PREGERSON, J.,
dissenting:
I dissent. The protection of the federal judiciary is the responsibility of the United States Marshals Service (“USMS”). See 28 U.S.C. § 566(e)(1)(A) (“The United States Marshals Service is authorized to— (A) provide for the personal protection of *115 Federal jurists, court officers, witnesses, and other threatened persons in the interests of justice where criminal intimidation impedes oh the functioning of the judicial process or any other official proceeding.The USMS is authorized to outsource its duty to protect the federal judiciary to private contractors. Private contractors, such as Akal Security, generally hire former military and law enforcement officers to serve as Court Security Officers (“CSO”). The USMS is authorized to deputize CSOs to provide courtroom security for the federal judiciary. See 28 C.F.R. § 0.112(c) (“The Director, United States Marshal Service, is authorized to deputize ... [sjelected employees of private security companies [to provide] courtroom security for the Federal judiciary....”).
Appellants are CSOs who, without an evidentiary hearing, have been medically disqualified for further service by the USMS. The USMS is the constructive employer of the CSOs because the USMS exercises ultimate control over the terms and conditions of their employment. Accordingly, CSOs should receive the same benefits as Deputy U.S. Marshals who are employed directly by USMS.
Deputy U.S. Marshals in the competitive service are entitled to specific procedural protections when facing removal or other adverse employment actions. See 5 U.S.C. § 7513. These protections include: (1) written notice; (2) the opportunity to answer orally and in writing; (3) the right to be represented by an attorney; (4) the right to a written decision with specific reasons; and (5) the right to appeal to the Merit Systems Protection Board. 5 U.S.C. § 7513.
The Merit Systems Protection Board provides a full evidentiary hearing for federal employees, like Deputy U.S. Marshals, who are subject to adverse employment actions. See 5 U.S.C. § 1204(b) (giving authority to any Board member or designee to administer oaths, examine witnesses, take depositions, receive evidence, and issue subpoenas); 5 C.F.R. §§ 1201.51-1201.58 (providing detailed regulations regarding Board hearings, including preparing the record, making motions, and determining the burden and degree of proof).
In short, when it comes to protecting the federal judiciary, CSOs are the functional equivalent of Deputy U.S. Marshals and are joint employees of USMS and Akal. Therefore, they should be afforded the same procedural protections as Deputy U.S. Marshals when faced with an adverse employment action, including a full evidentiary hearing before the Merit Systems Protection Board. To hold otherwise would be fundamentally unfair. Accordingly, I dissent.